**James L. LOFTON, Plaintiff-Appellant,**

**v.**

**The POSTMASTER GENERAL OF the UNITED STATES OF AMERICA, the Post Office Department of the United States of America, and the United States of America, Defendants-Appellees.**

**No. 20512.**

United States Court of Appeals, Sixth Circuit.

Jan. 21, 1971.

**562**

Robert E. Rose, Memphis, Tenn., for plaintiff-appellant.

Kemper B. Durand, Asst. U. S. Atty., Memphis, Tenn., for defendants-appellees; Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., on brief.

Before WEICK and EDWARDS, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

### PER CURIAM.

Appellant in this case was discharged from his duties as a postal employee on April 21, 1967. Previously he had been served with written charges detailing 71 instances of alleged violations of postal regulations in failing properly to handle mail deliveries committed to his care. It does not appear that any of these approached dishonesty or willful sabotage, but at a minimum they could have been regarded as repeated evidence of neglect of duty which did impair the postal service.

Lofton's answer to these administrative charges did not appear to dispute responsibility for most of them, but did argue mitigating circumstances as affecting penalty. Appellant was a veteran; had 15 years of Post Office service; and had been injured and off work for a time just before these delinquencies occurred.

At the administrative level, Lofton's case was handled largely by a representative of the National Alliance of Postal and Federal Employees. On appellant's behalf this representative waived an administrative hearing provided for by statute and asked for an investigation in place thereof. The investigation was conducted and the recommendation for discharge was reiterated and Lofton was discharged. Ultimately the Postmaster General signed a letter affirming the discharge but citing the mitigating circumstances and declaring appellant would be eligible for rehire.

Subsequently appellant filed a complaint in the United States District Court seeking an order for reinstatement. His principal grounds were that he had been denied a hearing, contrary to the federal statute involved; that he had been denied the right to call witnesses, and that he had been denied the right to be kept apprised of all important developments in the course of the administrative proceedings.

The case was heard before a United States District Judge in the United States District Court for the Western District of Tennessee. The District Judge granted summary judgment on all issues except two. They were whether or not the plaintiff had requested and been denied a hearing, and whether or not the plaintiff had been kept advised of decisions at each level of the administrative process, as required by statute. The District Judge took testimony on both of these issues and found the facts against appellant.

It should be noted that our review (and that of the District Judge) does not go to the merits of the discharge as a penalty. Our review of this record, including the administrative record which accompanies it, convinces us that the District Judge's grant of partial summary judgment was correct, and that his findings of fact pertaining to the hearing and witness issues detailed above are not clearly erroneous, and, hence, cannot be set aside on appeal.

The judgment of the District Court is affirmed.